## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) ERIN JOYNER,** | ) | |
|                    **PLAINTIFF** | ) | |
| **v.** | ) | **CASE NO.** CIV-21-75-PRW |
| | ) | |
| **(1) MERCY HOSPITAL** | ) | **JURY TRIAL DEMANDED** |
|     **OKLAHOMA CITY, INC.,** | ) | **ATTORNEY'S LIEN CLAIMED** |
| **(2) KEVIN RINKS,** | ) | |
| **(3) MELINDA SHRUM,** | ) | |
| **(4) ANTHONY LANGILOTTI,** | ) | |
|                 **DEFENDANTS.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Erin Joyner, and for her claim for damages incurred due to discrimination arising from her employment with Defendant Mercy Hospital Oklahoma City, Inc. Plaintiff hereby alleges and states as follows:

## PARTIES

1. Plaintiff Erin Joyner is a resident of Oklahoma County and a citizen of the State of Oklahoma.

2. Defendant Mercy Hospital Oklahoma City, Inc. ("Mercy") is a domestic not-for-profit corporation doing business in the State of Oklahoma. Defendant may be served with process by serving its registered agent: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

1

3. Defendant Anthony Langilotti ("Langilotti") was an employee of Mercy during all times relevant to this action, and, upon information and belief, is a resident of Oklahoma County, Oklahoma.

4. Defendant Melinda Shrum ("Shrum") was an employee of Mercy during all times relevant to this action, and is, upon information and belief, a resident of Oklahoma County, Oklahoma.

5. Defendant Kevin Rinks ("Rinks") was the Vice President of operations of Mercy during all times relevant to this action, and is, upon information and belief, a resident of Oklahoma County, Oklahoma.

## JURISDICTION

6. The Court has jurisdiction over the lawsuit because the suit arises under 42 USC §§ 2000e, et seq., more commonly known as Title VII of the Civil Rights Act of 1964, as amended.

7. During all times relevant to this action, Plaintiff was an employee of Mercy. During her employment, she was the victim of sexual harassment in violation of Title VII and the Oklahoma Anti-Discrimination Act ("OADA").

8. The Court has supplemental jurisdiction on 28 USC § 1367 of Plaintiff's claims for violations of the OADA against Defendant because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

9. The same acts described below which violate Title VII also constitute violations of the Oklahoma Anti-Discrimination Act.

## VENUE

10. Venue is proper in this district under 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff was employed by Mercy in Oklahoma City, Oklahoma County, Oklahoma. A majority of Plaintiff's work occurred in and around Oklahoma County. Oklahoma County is part of the Western District of Oklahoma.

## ADMINISTRATIVE REQUIREMENTS PRIOR TO FILING

11. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on May 20, 2020. The EEOC issued the Notice of Rights letter on November 20, 2020.

12. This Complaint is filed within ninety (90) days of the date Plaintiff received the Dismissal and Notice of Rights Letter.

## STATEMENT OF FACTS

13. Plaintiff worked for Mercy as the Supervisor of the Pulmonary Rehabilitation and Fitness Center (the "Center") at all times relevant to her Petition herein until she was wrongfully terminated on May 19, 2020.

14. The Center consisted of five (5) employees under Plaintiff's supervision: 2 females and three males.

15. On or around March 18, 2020 Plaintiff filed a complaint with Mercy's Human Resources Department against a male employee of the Center, Anthony Langilotti

("Langilotti") for violating company policy and for threatening, intimidating and inappropriate behavior toward Plaintiff and the other female employee.

16. Other female employees had previously submitted complaints to human resources relative to Langilotti's behavior in the workplace.

17. No action was taken pursuant to Plaintiff's March 18, 2020 complaint compelling Plaintiff, approximately three (3) weeks later, to inquire of its status to a human resources employee, Amy Salazar ("Salazar").

18. Salazar inquired if Plaintiff wanted to pursue the complaint, and Plaintiff responded affirmatively. Salazar then stated that she knew Langilotti very well and that he'd filed a complaint against Plaintiff's manager.

19. Plaintiff then contacted the manager of human resources, Melinda Schrum ("Schrum") and requested an individual other than Salazar investigate her March 18, 2020 complaint.

20. Schrum agreed to investigate the complaint personally.

21. A few days later, however, Plaintiff learned that Langilotti had been promoted to a temporary, full-time position and had been recommended for such position by Schrum.

22. Approximately five (5) weeks after asking Schrum to investigate Schrum contacted staff relative to Plaintiff's complaint but no action was taken with respect to the same.

23. Two (2) of the staff members interviewed were suddenly terminated without any apparent cause.

24. Approximately one (1) year prior to Plaintiff's complaint to human resources a male made a complaint to human resources about Langilotti inappropriate comments to female members of the Center.

25. Unlike Plaintiff's complaint, that complaint resulted in an immediate investigation and Langilotti's suspension from Center property while the investigation was pending.

26. Approximately nine (9) weeks after Plaintiff's complaint to human resources Plaintiff discovered Langilotti was compiling written records of Center members' credit card and banking information.

27. Plaintiff immediately reported Langilotti's illegal conduct and was contacted by Mercy's corporate office with instructions to collect all such information which would then be picked up and shredded.

28. One (1) week after disclosing Langilotti's collection of private and confidential member information Plaintiff was suddenly terminated.

29. Upon her termination Plaintiff was presented with severance paperwork and instructed to sign if she wanted a good reference in the future and a severance package.

30. Plaintiff was informed at the time of her termination that if she refused to sign the paperwork releasing Mercy from liability, she would be ineligible for severance or a future recommendation.

31. Plaintiff refused to sign the severance paperwork due to her still pending sexual harassment allegation against Langilloti and so was denied severance and the promise of positive employment references in the future.

32. Male employees of Mercy and the Center specifically enjoy preferential treatment in pay, promotions, hours/shift availability, commendations by supervisors, responsibilities and accommodations.

33. The sexual harassment and retaliatory behavior of male employees, particularly Langilotti, goes ignored and is, therefore, encouraged and rewarded by Mercy.

34. Additionally, Plaintiff was made to lead prayers with her staff under the direction of her employer.

35. Plaintiff was also compelled to undergo a year of Catholic practice in order to retain her employment with Mercy.

36. Mercy's has an anti-harassment policy which prohibits all harassment including sexual harassment.

37. Mercy purports to be "committed to providing a professional work environment free from any form of discrimination or harassment based on race, color, creed, religion, gender, national origin, actual or perceived sexual orientation, gender identity or expression, veteran or military status, marital status, age, pregnancy, disability or any other class protected by law."

38. Managers and supervisors are responsible for enforcing the policy and are instructed not to "engage in or tolerate any form of discrimination or harassment."

39. Employees are responsible for complying with the policy.

40. Mercy also has policies in place regarding confidential information of patients and members, including financial data, which requires employees to protect the confidentiality of the information and to safeguard the same.

41. Plaintiff is a member of a protected class in that she is female.

42. During Plaintiff's employ with Defendant Langilotti harassed and discriminated against her.

43. Langilotti scrutinized Plaintiff's actions and communicated with her in an unprofessional manner.

44. Despite the history of allegations against Langilotti Defendant allowed him to remain employed and he was not disciplined for his sexually harassing behavior.

## FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

45. All previous paragraphs are incorporated as if set forth within.

46. Plaintiff is a female employee protected under Title VII.

47. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

48. Rink and Shrum were Plaintiff's supervisors or otherwise empowered by Defendant to take tangible employment actions against Plaintiff and other employees. On information and belief, these individuals had the authority to enforce Defendant's

policies, prohibit sexual harassment, refrain from engaging in sexual harassment, and reassign employees to different positions.

49. The Defendants created and/or fostered a sexually hostile work environment through their discriminatory words, actions and omissions with respect to Plaintiff. Their conduct was so severe that it altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive work environment.

50. Defendant is directly liable because it was negligent in remedying the discriminatory conduct. Plaintiff made complaints yet the discriminatory conduct continued and intensified.

51. Defendant is vicariously liable for the discriminatory conduct. Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct.

52. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following damages:

    a. Plaintiff was terminated and has incurred expenses in seeking other employment;

    b. Plaintiff suffered loss of her pension and/or retirement benefits;

    c. Plaintiff seeks compensation for all lost wages and benefits. Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her; and

    d. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and

disruption of her peace of mind as a result of Defendant's unlawful conduct which any reasonable person would have suffered under like circumstances, and other non-monetary losses.

53. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000d-5(k).

54. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against Defendants for their wrongful conduct.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT

55. All previous paragraphs are incorporated as if set forth within.

56. Defendant is an employer within the meaning of the Oklahoma Ant-Discrimination Act ("OADA") because it is a legal entity, institution, or organization that pays one or more individuals a salary or wages for work performance. Plaintiff was an employee within the meaning of the OADA in that she received a salary or wages from an employer. *See* Okla. Stat. tit. 25 § 1301.

57. It is a discriminatory practice for an employer to discriminate against an individual with respect to the terms and conditions of employment because of sex. *See* Okla. Stat. tit. 25 § 1302.

58. The actions described in the previous paragraphs amount to Defendant's discriminating against Plaintiff with respect to the terms and conditions of employment because of sex.

59. Plaintiff complained through her chain of command pursuant to Defendant's policies in an attempt to end the sexual harassment.

60. Defendant is directly liable because it was negligent in remedying the discriminatory conduct. Plaintiff made complaints yet the discriminatory conduct continued and intensified.

61. Defendant is vicariously liable for employee conduct in direct violation of Defendant's anti-harassment and anti-discrimination policies. Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct.

62. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following damages:

    a. Plaintiff was discharged and has incurred expenses in seeking other employment;

    b. Plaintiff suffered loss of her pension and/or retirement benefits;

    c. Plaintiff seeks compensation for all lost wages and benefits, Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her; and

    d. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Defendant's unlawful conduct which any reasonable person would have suffered under like circumstances, and other non-monetary losses.

63. Plaintiff is entitled to an award of attorney fees and costs under Okla. Stat. tit. 25 § 1350(H).

64. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against Defendant for its wrongful conduct.

WHEREFORE, Plaintiff Erin Joyner demands judgment in her favor against Defendants in an amount in excess of $75,000.00 for their wrongful, improper, and illegal conduct. Plaintiff Erin Joyner further prays that she be awarded back pay, front pay, compensatory damages, damages for harm to her reputation, mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind. Plaintiff Erin Joyner requests that the Court award pre- and post-judgment interest, costs, and attorney fees associated with this suit, and any and all other relief that the Court deems just and equitable.

Respectfully submitted,

*s/ Kindra N. Avila*_____
Rachel Bussett, OBA #19769
Kindra N. Avila, OBA #22547
Bussett Legal Group, PLLC
2201 N. Classen Blvd.
Oklahoma City, OK 73106
Telephone: (405) 605-8073
FAX:  (405) 212-9112
Email: Rachel@BussettLegal.com
*Attorneys for Plaintiff Erin Joyner*

*ATTORNEY'S LIEN CLAIMED*
*JURY TRIAL DEMANDED*